UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM BARTON,<br><br>    Petitioner,<br><br>v.<br><br>SUPERIOR COURT,<br><br>    Respondent. | Case No. CV 18-06853 FMO (RAO)<br><br>MEMORANDUM AND ORDER RE SUMMARY DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS AND DENIAL OF CERTIFICATE OF APPEALABILITY |

## I. <u>BACKGROUND</u>

On July 2, 2018, Petitioner William Barton ("Petitioner") filed a Petition for Writ of Habeas Corpus ("Petition") in the Northern District of California. Pet., Dkt. No. 1. The Petition was transferred to the Central District of California on August 6, 2018. Dkt. No. 4.

Petitioner was convicted of his underlying criminal offense in 1976. Pet. at 3. Petitioner seeks to return to his sentencing court for the purpose of submitting evidence relevant to a youth offender parole hearing. *Id.* at 4. Petitioner indicates that he did not appeal from his conviction, and he has not filed any other petitions, applications, or motions with respect to the conviction or commitment. *Id.* at 6, 7. Records of the California Supreme Court do not reflect the filing of any habeas

petitions by Petitioner.[1] Petitioner previously filed a federal habeas petition raising the same claim, which this Court dismissed without prejudice for failure to exhaust. *See* Case No. 2:18-cv-05863-FMO-RAO, Dkt. Nos. 10-11 (C.D. Cal. Aug. 17, 2018).

The Court issued a screening order on August 10, 2018. Dkt. No. 7. The order directed Petitioner to submit a response explaining his exhaustion of state remedies by August 24, 2018. Dkt. No. 7. Because it appeared that Petitioner may have intended to file the Petition in state court, the Court also provided Petitioner with a copy of the Petition and a Notice of Dismissal form. *Id.* To date, Petitioner has not filed a response or a Notice of Dismissal.

## II. DISCUSSION

A state prisoner must exhaust his state court remedies before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999). To satisfy the exhaustion requirement, a habeas petitioner must fairly present his federal claims in the state courts in order to give the State the opportunity to pass upon and correct alleged violations of the prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (per curiam). A habeas petitioner must give the state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate process in order to properly exhaust a claim. *O'Sullivan*, 526 U.S. at 845. He must present his claims to the highest state court with jurisdiction to consider it or demonstrate that no state

---

[1] The Court takes judicial notice of the records of the California Supreme Court, which are available at http://appellatecases.courtinfo.ca.gov. *See* Fed. R. Evid. 201(b)(2) (providing that a court may take judicial notice of adjudicative facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"); *Harris v. Cty. of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (noting that a court may take judicial notice of federal and state court records).

2

remedy remains available. *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc).

Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court may dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." The "Ninth Circuit has held that a federal court may raise the failure to exhaust issue *sua sponte* and may summarily dismiss on that ground." *White v. Paramo*, Case No. CV 16-03531-ODW (KES), 2016 WL 3034669, at *2 (C.D. Cal. May 27, 2016) (citing *Granberry v. Greer*, 481 U.S. 129, 134-35, 107 S. Ct. 1671, 95 L. Ed. 2d 119 (1987); *Stone v. San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992); *Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1982) (per curiam)) (dismissing petition for failure to exhaust state remedies with respect to sole claim for relief).

Here, Petitioner does not claim to have brought before the California state courts his request to return to his sentencing court, and the records of the California Supreme Court do not reflect any such actions instituted by Petitioner. Although the exhaustion requirement may be excused under limited circumstances, *see* 28 U.S.C. § 2254(b)(1)(B)(i)-(ii), Petitioner has not provided any reasons as to why he should be excused from the exhaustion requirement. It thus is apparent that Petitioner has failed to exhaust his claim in state court, and summary dismissal of this action is appropriate.

Dismissal of the Petition is without prejudice to Petitioner's later pursuing habeas relief in federal court upon exhausting available remedies in the state courts. Petitioner is warned, however, that under 28 U.S.C. § 2244(d)(1), "[a] 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."

///

///

## III. CERTIFICATE OF APPEALABILITY

Under the Antiterrorism and Effective Death Penalty Act of 1996, a state prisoner seeking to appeal a district court's final order in a habeas corpus proceeding must obtain a Certificate of Appealability ("COA") from the district judge or a circuit judge. 28 U.S.C. § 2253(c)(1)(A). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003).

When the Court dismisses a petition on procedural grounds, it must issue a COA if the petitioner shows: (1) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right"; and (2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000).

Here, the Court is summarily dismissing the instant Petition without prejudice because the Court has determined that Petitioner has failed to exhaust his habeas claim in state court. The Court finds that Petitioner cannot make the requisite showing that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

///
///
///
///
///
///
///

## IV. ORDER

Based on the foregoing, IT IS ORDERED THAT:

1. The Petition is **DISMISSED** without prejudice; and
2. A Certificate of Appealability is **DENIED**.

DATED: September 17, 2018

_____/s/_____
FERNANDO M. OLGUIN
UNITED STATES DISTRICT JUDGE

Presented by:

_____
ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE